IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOLLYWOOD BED & SPRING MFG. CO., INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WERNER MEDIA PARTNERS LLC, an Illinois limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 11,006,761; AND**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 11,006,761**

Plaintiff Hollywood Bed & Spring Mfg. Co., Inc. ("Hollywood Bed"), for its Complaint against Defendant Werner Media Partners LLC ("Werner Media"), avers as follows:

**PRELIMINARY STATEMENT**

1. This is an action for infringement of Hollywood Bed's U.S. Patent Number 11,006,761 under the Patent Act, 35 U.S.C. § 271, based upon Werner Media's unauthorized commercial manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States, of the GhostBed All-in-One Foundation and of the All-in-One Foundation by Nature's Sleep (hereinafter, the "Accused Products"). A true and correct copy of Hollywood Bed's U.S. Patent Number 11,006,761, titled "Mattress Foundation," and issued on May 18, 2021 (hereinafter, "the '761 patent"), is attached hereto as **Exhibit A**.

## THE PARTIES

2. Hollywood Bed is a corporation that is incorporated in the State of California and has its principal place of business at 5959 Corvette Street in Commerce, California. Since the 1940s, Hollywood Bed has been an industry leader in bedding support products for both the retail home-furnishing and hospitality industries.

3. Upon information and belief, Werner Media is a limited liability company formed under the laws of the State of Illinois and has its principal place of business at 7143 West Broward Boulevard in Plantation, Florida. Werner Media is engaged in the business of manufacturing and selling mattresses, bed frames, pillows, toppers, and foundations, including the Accused Products.

4. Upon information and belief, Werner Media ships the Accused Products from several locations in the United States, including a location in or around Chicago, within the Northern District of Illinois.

5. Upon information and belief, Werner Media owns the U.S. trademark registrations to GHOSTBED, GHOSTBED ALL-IN-ONE FOUNDATION, and NATURE'S SLEEP.

6. Upon information and belief, Werner Media has a wholly owned subsidiary, GhostBed Inc.

7. Upon information and belief, GhostBed Inc. is a corporation that is incorporated in the State of Delaware and has its principal place of business at 7143 West Broward Boulevard in Plantation, Florida.

8. Upon information and belief, GhostBed Inc. does not manufacture, import, market, distribute, or sell the GhostBed All-in-One Foundation product.

9. Upon information and belief, GhostBed Inc. does not generate or receive any revenue from the manufacturing, importation, marketing, distribution, or sale of the GhostBed All-in-One Foundation product.

10. Upon information and belief, GhostBed Inc. does not manufacture, import, market, distribute, or sell the All-in-One Foundation by Nature's Sleep product.

11. Upon information and belief, GhostBed Inc. does not generate or receive any revenue from the manufacturing, importation, marketing, distribution, or sale of the All-in-One Foundation by Nature's Sleep product.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over the subject matter of this action under the laws of the United States concerning actions relating to federal questions, 28 U.S.C. § 1331, and patents, 28 U.S.C. § 1338(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b).

## FACTS

### Hollywood Bed & Spring Mfg. Co.

14. Hollywood Bed was founded in the 1940s by Irving Harrow, who manufactured by hand and delivered bed frames to local furniture stores in the Los Angeles area. Since then,

Hollywood Bed has grown to be an internationally recognized manufacturer and distributor of quality bedding support products. Today, the company continues its tradition of introducing quality patented products with unsurpassed service to ensure a positive experience for its customers.

15. Among Hollywood Bed's patented products is the EnForce® platform base. The Enforce® platform base provides a complete mattress support system that acts as a box spring/foundation and bed frame. This stand-alone platform base is easy to assemble and ships in a small box. Reproduced below is a picture of the EnForce® platform base.



**The Asserted Patent**

16. The '761 patent was duly and legally issued on May 18, 2021, and names Jason Harrow as the inventor. Hollywood Bed is the assignee of the entire right, title, and interest in

and to the '761 patent, including the right to sue for infringement thereof and to seek damages and equitable relief. Since its issuance, the '761 patent has been in full force and effect.

17. The '761 patent describes, among other things, a mattress foundation. In one embodiment, the mattress foundation comprises (a) a head end panel assembly; (b) a foot end panel assembly; (c) a left side panel assembly: (i) extending between, and attached to, both the head end panel assembly and the foot end panel assembly, and (ii) having a plurality of notches along its length; (d) a right side panel assembly: (i) extending between, and attached to, both the head end panel assembly and the foot end panel assembly, and (ii) having a plurality of notches along its length; (e) a longitudinal support assembly: (i) disposed between the left side panel assembly and the right side panel assembly, (ii) extending between, and attached to, both the head end panel assembly and the foot end panel assembly, and (iii) having a plurality of notches along its length; (f) a first set of crossbars, each having a first end disposed within one of the notches of the left side panel assembly and a second end disposed within one of the notches of the longitudinal support assembly; and (g) a second set of crossbars, each having a first end disposed within one of the notches of the right side panel assembly and a second end disposed within one of the notches of the longitudinal support assembly. The longitudinal support assembly has a top surface into which the notches of the longitudinal support assembly have been formed, the notches of the longitudinal support assembly include left-side notches and

right-side notches, and the left-side notches are separated from the right-side notches by a barrier. Reproduced below is Figure 33 of the '761 patent.




FIG. 33

18. As shown in Figure 33, each of the first set of crossbars and the second set of crossbars includes at least 6 crossbars. A top surface of each crossbar is flush with a top surface of a component having the notch into which the crossbar has been inserted. The longitudinal support assembly has a frame structure, including an upper beam and a lower beam, with supports between the upper beam and the lower beam. The supports are vertical. Each of the crossbars and the notches of has a matching rectangular cross-section.

19. Hollywood Bed has not authorized Werner Media to make, use, offer to sell, or sell in the United States, or import into the United States, any product that comes within the scope of any of the claims of the '761 patent.

**Werner Media's Infringing Activities and Products**

20. Werner Media has infringed and continues to infringe at least claims 1-3, 7-9, 11, 12 and 14 of the '761 patent by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, the Accused Products, which embody and use the inventions claimed in the '761 patent.

21. Upon information and belief, Werner Media offers to sell and sells the GhostBed All-in-One Foundation.

22. Upon information and belief, Werner Media offers to sell and sells the All-in-One Foundation by Nature's Sleep.

23. Upon information and belief, Werner Media offers to sell and sells the GhostBed All-in-One Foundation through the website www.ghostbed.com.

24. Upon information and belief, Werner Media offers to sell and sells the All-in-One Foundation by Nature's Sleep through the website www.naturesleep.com.

25. Upon information and belief, Werner Media offers to sell and sells the GhostBed All-in-One Foundation through Amazon.com.

26. Upon information and belief, Werner Media offers to sell and sells the GhostBed All-in-One Foundation through HomeDepot.com.

27. Upon information and belief, Werner Media offers to sell and sells the GhostBed All-in-One Foundation through Macys.com.

28. Upon information and belief, Werner Media offers to sell and sells the GhostBed All-in-One Foundation through Overstock.com.

29. Upon information and belief, Werner Media offers to sell and sells the GhostBed All-in-One Foundation through SamsClub.com.

30. Attached hereto as **Exhibit B** is a true and correct printout of the "GhostBed All-in-One Foundation™" page from the webpage at https://www.ghostbed.com/products/foundation. Attached hereto as **Exhibit C** is a true and correct printout of the "All-in-One Foundation by Nature's Sleep" page from the webpage at https://www.naturessleep.com/products/foundation-natures-sleep.

31. The GhostBed All-in-One Foundation and the All-in-One Foundation by Nature's Sleep are structurally the same product. The "All-in-One Foundation by Nature's Sleep" page from the webpage at https://www.naturessleep.com/products/foundation-natures-sleep shows photographs of the GhostBed All-in-One Foundation.

32. Reproduced below is a first screenshot from the video "How to Assemble Your All-in-One Foundation™" from the webpage at https://www.ghostbed.com/products/foundation, with labels added by Plaintiff.




33. Each of the Accused Products is a mattress foundation.

34. Each of the Accused Products comprises a head end panel assembly.

35. Each of the Accused Products comprises a foot end panel assembly.

36. Each of the Accused Products comprises a left side panel assembly extending between, and attached to, both the head end panel assembly and the foot end panel assembly, and having a plurality of notches along its length.

37. Each of the Accused Products comprises a right side panel assembly extending between, and attached to, both the head end panel assembly and the foot end panel assembly, and having a plurality of notches along its length.

38. Each of the Accused Products comprises a longitudinal support assembly disposed between the left side panel assembly and the right side panel assembly, extending between, and attached to, both the head end panel assembly and the foot end panel assembly, and having a plurality of notches along its length;

39. Each of the Accused Products comprises a first set of crossbars, each having a first end disposed within one of the notches of the left side panel assembly and a second end disposed within one of the notches of the longitudinal support assembly.

40. Each of the Accused Products comprises a second set of crossbars, each having a first end disposed within one of the notches of the right side panel assembly and a second end disposed within one of the notches of the longitudinal support assembly.

41. The longitudinal support assembly of each of the Accused Products has a top surface into which the notches of the longitudinal support assembly have been formed.

42. The notches of the longitudinal support assembly of each of the Accused Products include left-side notches and right-side notches. The left-side notches are separated from the right-side notches by a barrier.

43. Adjacent ones of the crossbars of each of the Accused Products are separated from each other by a gap that is within a range of 5-10 inches.

44. Each of the first set of crossbars and the second set of crossbars of each of the Accused Products includes at least 6 crossbars.

45. A top surface of each crossbar of each of the Accused Products is flush with a top surface of a component having the notch into which the crossbar has been inserted.

46. The head end panel assembly, the left and right side panel assemblies, the foot end panel assembly and the longitudinal support assembly of each of the Accused Products are made primarily of steel.

47. The crossbars of each of the Accused Products primarily are made of steel.

48. The longitudinal support assembly of each of the Accused Products has a frame structure, including an upper beam and a lower beam, separated from each other by a gap of at least 4 inches, with supports between the upper beam and the lower beam. At least one of the supports is vertical.

49. Each of the crossbars and the notches of each of the Accused Products has a matching rectangular cross-section.

50. Reproduced below is a second screenshot from the video "How to Assemble Your All-in-One Foundation™" from the website at https://www.ghostbed.com/products/foundation, with labels added by Plaintiff. The second screenshot shows a plurality of notches along the length of one of the side panel assemblies.




51. Reproduced below is a third screenshot from the video "How to Assemble Your All-in-One Foundation™" from the website at https://www.ghostbed.com/products/foundation, with labels added by Plaintiff. The third screenshot shows a plurality of notches along the length



of the longitudinal support assembly, formed into the top surface of the longitudinal support assembly.

52. Reproduced below is a fourth screenshot from the video "How to Assemble Your All-in-One Foundation™" from https://www.ghostbed.com/products/foundation, with labels added by Plaintiff. The fourth screenshot shows a set of crossbars that includes at least 6 crossbars, each having a first end disposed within one of the notches of a side panel assembly and a second end disposed within one of the notches of the longitudinal support assembly.




53. Reproduced below is a fifth screenshot from the video "How to Assemble Your All-in-One Foundation™" from the website at https://www.ghostbed.com/products/foundation, with labels added by Plaintiff. The fifth screenshot shows the longitudinal support assembly including left-side notches and right-side notches, with the left-side notches being separated from the right-side notches by a barrier. The fifth screenshot also shows that a top surface of each

crossbar is flush with a top surface of the longitudinal support assembly. Each of the crossbars and the notches has a matching rectangular cross-section.




54. Reproduced below is a photograph of the longitudinal support assembly and a set of crossbars of the Accused Products. This photograph shows that adjacent ones of the crossbars are separated from each other by a gap that is within a range of 5-10 inches, although a subset of the crossbars (not shown) has a smaller gap. The photograph also shows that the longitudinal support assembly has a frame structure, including an upper beam and a lower beam, separated




from each other by a gap of at least 4 inches, with supports between the upper beam and the lower beam. The supports are vertical.

55. Werner Media has known of the existence of the '761 patent since at least July 15, 2021, and its acts of infringement have been willful and in disregard for the '761 patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

**FIRST CAUSE OF ACTION**

**(Infringement of U.S. Patent Number 11,006,761)**

56. Hollywood Bed repeats and realleges the allegations of paragraphs 1 through 55 hereof, as if fully set forth herein.

57. Werner Media has infringed and is infringing at least claims 1-3, 7-9, 11, 12 and 14 of the '761 patent by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, including within this judicial district, the Accused Products, in violation of at least 35 U.S.C. § 271(a).

58. Werner Media's infringement has been, and continues to be, knowing, intentional, and willful.

59. Werner Media's acts of infringement of at least claims 1-3, 7-9, 11, 12 and 14 of the '761 patent have caused and will continue to cause Hollywood Bed damages for which Hollywood Bed is entitled to compensation under 35 U.S.C. § 284.

60. Werner Media is liable to Hollywood Bed in an amount that adequately compensates Hollywood Bed for Werner Media's infringement, which by law cannot be less than a reasonable royalty.

61. Werner Media's acts of infringement of at least claims 1-3, 7-9, 11, 12 and 14 of the '761 patent have caused and will continue to cause Hollywood Bed immediate and irreparable harm unless such acts of infringement are enjoined by this Court pursuant to 35 U.S.C. § 283. Hollywood Bed has no adequate remedy at law.

62. This case is exceptional and, therefore, Hollywood Bed is entitled to an award of attorney's fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Hollywood Bed requests judgment against Werner Media as follows:

a. Adjudging that Werner Media has infringed and is infringing the '761 patent, in violation of 35 U.S.C. § 271(a);

b. Granting an injunction permanently enjoining Werner Media, its affiliates, agents, assigns, directors, employees, officers, subsidiaries, and successors, and all of those in active concert and participation with any of the foregoing persons or entities, from infringing, contributing to the infringement of, and inducing infringement of the '761 patent;

c. Ordering Werner Media to account and pay damages adequate to compensate Hollywood Bed for Werner Media's infringement of the '761 patent in an amount to be determined at trial, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

d. Ordering an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

e. Declaring this case exceptional and awarding Hollywood Bed its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

f. Awarding such other and further relief as this Court deems just and proper.

Dated this 21st day of December 2021. Respectfully submitted,

*/s/ Rebecca L. Mackin*
Rebecca L. Mackin
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
70 West Madison Street, 48th Floor
Chicago, Illinois 60602-4498
Telephone: 312.499.6316
Facsimile: 312.499.4735
Email: rmackin@sheppardmullin.com

Darren M. Franklin (pro hac vice application forthcoming)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

**DEMAND FOR JURY TRIAL**

Hollywood Bed hereby demands a jury trial on all issues triable of right by a jury.

*/s/ Rebecca L. Mackin*
Rebecca L. Mackin
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
70 West Madison Street, 48th Floor
Chicago, Illinois 60602-4498
Telephone: 312.499.6316
Facsimile: 312.499.4735
Email: rmackin@sheppardmullin.com

Darren M. Franklin (pro hac vice application forthcoming)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398